# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| KELLY COPEN, et al., | : | |
| | : | |
| Plaintiffs, | : | Case No. 5:19-CV-1346 |
| | : | |
| v. | : | Judge John R. Adams |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | **ORDER** |
| Defendant. | : | |
| | : | |

This matter is before the Court on the motion of Defendant United States of America to dismiss the Complaint of Plaintiffs Kelly Copen and Paul Copen pursuant to Fed. R. Civ. P. 12(b)(1). Having considered the parties' arguments, the evidence, and applicable law, the Court hereby ORDERS that the motion to dismiss (Doc. 10) is GRANTED, for the reasons set forth below.

**I.  BACKGROUND**

This suit is tort action originally filed in the Court of Common Pleas for Stark County Ohio. Plaintiffs Kelly and Paul Copen, a daughter and father, allege that they suffered personal injuries when, on May 19, 2017, a postal delivery truck driven by federal employee Michael Blanchard rear-ended Plaintiffs' vehicle. Plaintiff Paul Copen owned and was driving the vehicle, while Plaintiff Kelly Copen was a passenger in the vehicle. The parties agree that Mr. Blanchard was acting in the course and scope of his employment at the time of the accident.

This case was removed to federal court on June 11, 2019. Following removal, the United States filed the instant motion requesting dismissal for lack of subject matter jurisdiction, on the basis that "Plaintiffs failed to file an administrative claim, a pre-requisite to jurisdiction under the Federal Tort Claims Act." (Doc. 10.)

1

## II. LEGAL STANDARD

A party may move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. "When a defendant attacks subject matter jurisdiction under Rule 12(b)(1), the plaintiff must meet the burden of proving jurisdiction." *Cline v. United States*, 13 F. Supp. 3d 868, 870 (M.D. Tenn. 2014), (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A motion to dismiss under Fed. R. Civ. P. 12(b)(1) based upon a lack of subject matter jurisdiction is generally presented in two ways, as facial challenges or as factual challenges. *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009); 2A James W. Moore, Moore's Federal Practice ¶ 12.07 [2.-1], at 12-50 to 12-55 (2d ed. 1996). When a court reviews a complaint pursuant to a factual attack to subject matter jurisdiction, no presumption of truthfulness applies and the court must weigh evidence to arrive at a factual justification for subject matter jurisdiction. *See Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The court has wide discretion to allow affidavits and documents. Id.

## III. DISCUSSION

It is well-settled that "federal courts are courts of limited jurisdiction." *United States v. Bellsouth Telecomm., Inc.,* 123 F.3d 935, 937 (6th Cir. 1997), (citing *Aldinger v. Howard*, 427 U.S. 1, 15 (1976)). They have only such jurisdiction as is conferred upon them either by the Constitution or by act of Congress. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982). Thus, there is a presumption that a federal court lacks subject matter jurisdiction until it is shown to exist. *Memphis Am. Fed. of Teachers, Local 2032 v. Bd. of Educ. of Memphis City Sch.*, 534 F.2d 699 (6th Cir. 1976). The party claiming jurisdiction has the burden of demonstrating that subject matter jurisdiction exists. *Bellsouth*, 123 F.3d at 937.

In addition, the United States, as sovereign, is immune from suit except as it specifically consents to be sued, and the terms of its consent must be strictly construed. United States v. Testan, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 590 (1941). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, is a limited waiver of the government's sovereign immunity. The FTCA provides the "exclusive" remedy for injury or loss of property arising or resulting from the negligent or wrongful act of a government employee. 28 U.S.C. § 2679(b)(1).

A key condition which the United States has imposed upon its consent to be sued under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to initiating suit. 28 U.S.C. § 2675(a). That section provides, in pertinent part:

> a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The filing of an administrative claim "is an absolute prerequisite" to maintaining an action against the government. *Miller v. United States*, 418 F. Supp. 373, 375 (D. Minn. 1976), (quoting *Meeker v. United States*, 435 F.2d 1219, 1220 (8th Cir. 1970)); *see, e.g., Ducharme v. Merrill-Nat'l Lab.*, 574 F.2d 1307, 1311 (5th Cir. 1978); *accord*, *Rosario v. Am. Export-Isbrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976); *Pennsylvania v. Nat'l Ass'n of Flood Insurers*, 520 F.2d 11, 20, 23-24 (3d Cir. 1975); *Exec. Jet Aviation Inc. v. United States*, 507 F.2d 508, 514 (6th Cir. 1974); *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir. 1974); *Caton v. United States*, 495 F.2d 635, 637 (9th Cir. 1974); *Best Bearings Co. v. United States*,

463 F.2d 1177, 1179 (7th Cir. 1972); *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *Mann v. United States*, 399 F.2d 672, 673 (9th Cir. 1968). There can be no waiver of this requirement. *Pennsylvania*, 520 F.2d at 20; *Bialowas*, 443 F.2d at 1049. Nor can the Government be estopped from asserting this defense. *Mayo v. United States*, 407 F. Supp. 1352 (E.D. Va. 1976). "Where, as in the [Federal]Tort Claims Act, a sovereign waives its immunity, and by statute creates a cause of action and consents to be sued upon it, suits filed thereunder must be filed in exact compliance with the terms of consent." *Childers v. United States*, 316 F. Supp. 539, 542 (S.D. Tex. 1970), *aff'd,* 442 F.2d 1299 (5th Cir. 1971).

Here, the parties do not dispute that Mr. Blanchard was a federal employee of the United States Postal Service ("USPS"), and was acting in the course and scope of his official duties during the incident alleged in the Complaint. Accordingly, Plaintiffs were required to comply with the FTCA.

The government contends that neither Plaintiff complied with the FTCA. With respect to Defendant Paul Copen, the United States argues that he did not file an administrative claim because he never submitted the required written notice of the claim in the form of an SF-95. *Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Instead, Paul Copen asserts that the SF-95 tendered by his daughter—which did not list him as a claimant but did mention his name in two locations—provided sufficient notice to the USPS that he was also a claimant. (Opp. Br. at 6, ECF No. 12-1 at PageID # 93.) This is incorrect.

Federal courts have long held that one claimant may not file an administrative tort claim for others. *See, e.g.*, *Walker v. United States*, 471 F. Supp. 38, 42 (M.D. Fla. 1978), aff'd, 597 F.2d 770 (5th Cir. 1979) ( "The law is settled that one person cannot file a prerequisite administrative tort claim for another person."); *Blain v. United States*, 552 F.2d

4

289 (9th Cir. 1977) (plaintiffs' administrative claim was not filed on their behalf by other claimants damaged in the same fire); *Pa. by Sheppard v. Nat'l Ass'n of Flood Ins.*, 520 F.2d 11 (3d Cir. 1975) ("[B]efore the jurisdiction of the courts may be invoked, each claimant must submit an independent and separate claim to the appropriate administrative agency."). Indeed, the SF-95 has a designated space (box 2) for "Name, Address of claimant." The word "claimant" is singular. (Opp. Br. at Ex. A, ECF No. 12-1 at PageID # 101.)

On Kelly Copen's form, box 2 contains only her name and address—not Paul Copen's name or address. (*Id.*) Similarly, box 4 contains only her date of birth; box 5 contains only her marital status; box 13a contains only her signature; and box 13b contains only her phone number. (*Id.*) Kelly Copen's SF-95 mentions her dad in only two places. In box 8, describing the "Basis of Claim," she states: "Paul Copen (my father) was driving my vehicle and was injured and taken to Aultman Hospital. I was also examined at the hospital when I arrived." (*Id.*) In box 10, requesting the "Nature and Extent of Each Injury," she writes both her name and her dad's name, listing the extent of their injuries as "unknown, at this point." In context, and especially given all of the other fields listing her information alone, the mere mention of her father in these two fields did not provide notice of his claim.

Plaintiffs cite *Campbell v. United States* as support for their position that this was enough. 795 F. Supp. 1118 (N.D. Ga. 1990). In *Campbell*, box 2 of the SF-95 listed the "Name and Address of Claimant" as Patricia Campbell, with an asterisk. At the bottom of the form, it said: "*Sgt. Campbell – Baby girl Campbell." *Id.* at 1120. The court held that these other individuals had been identified as claimants since they were included in box 2. *Id.* at 1122. The same cannot be said here, where only Kelly Copen is listed as a claimant. Moreover, that case is not controlling because it was decided out of district, and because, unlike here, the government

never raised the inadequacy of the SF-95 in *Campbell*. *Id.* at 1121.

This case is far more analogous to *Metheny v. United States*, a decision in the Northern District of Ohio, which dismissed the plaintiff's FTCA action for lack of subject matter jurisdiction because the claimant's husband was not specifically identified as a claimant on the SF-95. No. 1:16-CV-2398, 2017 WL 2105303, at *2 (N.D. Ohio May 12, 2017). Simply mentioning his name elsewhere on the form was not sufficient to fulfill the jurisdictional requirements of Section 2675(a). *Id.* Federal courts across the country agree that one person cannot file an administrative tort claim for another, particularly when that other person is not identified as a claimant in box 2 of the SF-95. *See, e.g.*, *Walker*, 471 F. Supp. 38.

In short, Paul Copen did not submit an SF-95, and Kelly Copen's SF-95 was insufficient to give notice of his claim. His FTCA claim must be dismissed.

Regarding Kelly Copen, the United States argues that her personal injury claim fails because her SF-95 neither listed a sum certain for damages, nor provided sufficient information about her injuries. The Court agrees.

To file a proper tort claim under the FTCA, a plaintiff must: "(1) give written notice of a claim sufficient to enable the agency to investigate the claim, and (2) place a value (or 'sum certain') on the claim. *Glarner v. U.S., Dep't of Veterans Affairs*, 30 F.3d 697, 700 (6th Cir. 1994) (citing *Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir. 1989); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981)). Kelly Copen did neither. Her SF-95 and supporting documentation do not identify the type, nature, or extent of her personal injuries. Kelly Copen states only that she was "examined at the hospital when [she] arrived," and that the extent of her injuries is "unknown at this point." (Opp. Br. at Ex. A, ECF No. 12-1 at PageID # 101.) Similarly, her SF-95 did not state any amount claimed for personal injury. Under the heading

6

"AMOUNT OF CLAIM," she left the space in box 12(b) for "PERSONAL INJURY" entirely blank. (*Id.*) Box 12d asks for a total amount of the claim, stating in italics: "*Failure to specify may cause forfeiture of your rights.*" (*Id.*) Kelly Copen left this box blank, too.

The Sixth Circuit makes clear that the sum certain requirement, while technical, is an absolute prerequisite for filing an FTCA claim. *Glarner*, 30 F.3d at 700. And if the case law alone weren't clear enough, the very instructions on the back of the SF-95—which are also attached to Plaintiffs' brief—leave no room for doubt. The instructions ask claimants to "Complete all items," the first sentence stating, in caps:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED
> WHEN A FEDERAL AGENCY RECEIVES FROM A
> CLAIMANT . . . AN EXECUTED STANDARD FORM 95 . . .
> ACCOMPANIED BY A CLAIM FOR MONETARY DAMAGES
> IN A SUM CERTAIN FOR INJURY TO OR LOSS OF
> PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO
> HAVE OCCURRED BY REASON OF THE INCIDENT.

(Opp. Br. at Ex. A, ECF No. 12-1 at PageID # 102 (emphasis original).) The last sentence of the instructions is typed in bold font and emphasizes: "**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**" (*Id.*) Accordingly, Kelly Copen was on clear notice that the form required a monetary amount for damages, and that her failure to provide a monetary amount could invalidate her claim.

Plaintiffs cite the cases *Tidd* and *Molinar* for the proposition that a claimant need only provide "a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation, and a claim for money damages." *Tidd v. United States*, 786 F.2d 1565, 1567 (11th Cir. 1986) (citing *Adams v. United States*, 615 F.2d 284 (5th Cir. 1986)); *Molinar v. United States*, 515 F.2d 246, 247 (5th Cir. 1975). However, both of these cases apply Fifth Circuit law, which admittedly "take[s] a

7

somewhat lenient approach to the 'sum certain' requirement" as compared to other circuits, including the Sixth. *Tidd*, 786 F.2d at 1567 n.6; *Glarner*, 30 F.3d at 700 (Sixth Circuit stating that sum certain requirement is absolute prerequisite for FTCA claim). *Molinar* is distinguishable for the additional reason that, there, the plaintiff attached medical bills to the SF-95. 515 F.2d at 247.

Kelly Copen did not do so. Nor did she offer any estimate of medical costs. She merely provided the name of the hospital she went to after the accident, with no other indication that treatment had actually been rendered or funds had actually been paid. (Opp. Br. at Ex. A, ECF No. 12-1 at PageID # 101.)

Plaintiff argues that, by providing bills for the cost of vehicle repair, she satisfied the sum certain requirement for both property damage and personal injury. (Opp. Br. at 9-10, ECF No. 12-1 at PageID # 96-97.) This too is incorrect.

The court faced a similar issue in *Allen v. United States*, which likewise involved a collision with a USPS vehicle, and affirmed the district court's dismissal for lack of jurisdiction because the plaintiff provided a sum certain for only property damages, not personal injury damages. 517 F.2d 1328 (6th Cir. 1975). On the SF-95 in *Allen*, the plaintiff listed $296.13 in property damages but left the spaces for "personal injury" and "total" blank, stating: "Due to the time limits involved here, we are unable to get clearance from the doctors involved to get the entire claim filed properly." *Id.* at 1328. The plaintiff later attempted to submit a second SF-95 adding $10,000 in personal injury damages, but this too was insufficient. *Id.* at 1328-29. Dismissal was proper because the plaintiffs failed to meet all jurisdictional prerequisites for filing an FTCA action—the monetary amount listed for property damages did not suffice to provide a "sum certain" for personal injury damages. *Id.* at 1329.

8

This case compels the same result. Kelly Copen did not provide a sum certain for her personal injuries. She thus failed to meet all of the jurisdictional prerequisites. Accordingly, her FTCA claim must be dismissed.

## IV. **CONCLUSION**

For all of the aforementioned reasons, the FTCA claims of Plaintiffs Kelly Copen and Paul Copen are dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

IT IS SO ORDERED.

DATED: 12/22/19                                         s/John R. Adams
                                                        JOHN R. ADAMS
                                                        UNITED STATES DISTRICT JUDGE