UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY A. COPEN, et al | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Plaintiffs, | ) | CASE NO.: 5:19-CV-01346 |
| | ) | |
| vs. | ) | **ORDER AND DECISION** |
| | ) | **(Resolving Docs. 22, 23)** |
| UNITED STATES OF AMERICA, | ) | |
| et al | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant United States of America's motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Having considered the parties' arguments, the evidence, and applicable law, the Court hereby ORDERS that the motion to dismiss (Doc. 23) is GRANTED, for the reasons set forth below. The Court declines to exercise supplemental jurisdiction over the remaining state law claims, and therefore, this matter is DISMISSED in its entirety.

---

[1] Defendant Bristol West Casualty Insurance Company filed a motion for summary judgment. Doc. 22. For the reasons set forth below, this motion is denied as moot.

1

I.    BACKGROUND

This suit is tort action originally filed in the Court of Common Pleas for Stark County Ohio. Plaintiffs Kelly and Paul Copen, a daughter and father, allege that they suffered personal injuries when, on May 19, 2017, a postal delivery truck driven by federal employee Michael Blanchard rear-ended Plaintiffs' vehicle. Plaintiff Paul Copen owned and was driving the vehicle, while Plaintiff Kelly Copen was a passenger in the vehicle. The parties agree that Mr. Blanchard was acting in the course and scope of his employment at the time of the accident.

This case was removed to federal court on June 11, 2019. Following removal, the United States filed a motion to dismiss for lack of subject matter jurisdiction, on the basis that "Plaintiffs failed to file an administrative claim, a pre-requisite to jurisdiction under the Federal Tort Claims Act." Doc. 10. The Court agreed and dismissed Plaintiff's FTCA claims pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Doc. 15.

Plaintiffs appealed and the Sixth Circuit remanded [2], concluding that the FTCA's administrative claim prerequisite is a "mandatory claims-processing rule" rather than a jurisdictional one. Doc. 17. The Sixth Circuit concluded that the Plaintiffs failed to comply with the mandatory requirements of §2675 and on remand, this Court "should consider any arguments the parties may have under Fed.R.Civ.P. 12(b)(6) rather than 12(b)(1)." Doc. 17, p. 12.

The United States subsequently filed its motion to dismiss for failure to state a claim. Doc. 23. Specifically, the United States asserts that "[a]s the Sixth Circuit held, neither Paul nor Kelly

---

[2] Doc. 17; *Copen v. United States of America*, 3 F.4th 875, 882 (6th Cir. 2021).

Copen provided a sum certain and therefore neither Plaintiff submitted a valid administrative claim as required before filing suit under the FTCA. Thus, this Court should dismiss their Complaint pursuant to Rule 12(b)(6)." Doc. 23, p. 2.

II.     Law

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although

this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

  A.  Analysis

The United States, as sovereign, is immune from suit except as it specifically consents to be sued, and the terms of its consent must be strictly construed. *United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. Sherwood*, 312 U.S. 584, 590 (1941). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, is a limited waiver of the government's sovereign immunity. The FTCA provides the "exclusive" remedy for injury or loss of property arising or resulting from the negligent or wrongful act of a government employee. 28 U.S.C. § 2679(b)(1).

A key condition which the United States has imposed upon its consent to be sued under the FTCA is the requirement that a plaintiff present an administrative claim to the responsible federal agency prior to initiating suit. 28 U.S.C. § 2675(a). That section provides, in pertinent part:

> a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Further, a claimant cannot institute a claim "for any sum in excess of the amount of the claim presented to the federal agency[.]" 28 U.S.C. § 2675(b). In its remand order, the Sixth Circuit

explained "[t]hus, the requirement to present a sum certain claim first to the agency is mandatory." Doc. 17, p. 5. "'The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process.'" Doc. 17, p. 7 (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)).

It is law of this case that "because Kelly never provided a sum certain for her personal injury, her personal injury claim is not cognizable" and that "Paul's claim also lacks a sum certain as to the personal injury damages. As a result, neither Paul nor Kelly have complied with the mandatory requirements of §2675." Doc. 17, p. 12. Thus, Plaintiffs have failed to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).

Despite this clear pronouncement from the Sixth Circuit, Plaintiffs assert "that their claims should not be dismissed as their right to file suit is not affected by the alleged failure to comply with all regulations under 28 U.S.C § 2675(a)." Doc. 27, p. 5. However, Plaintiffs provide no argument to overcome the holding of the Sixth Circuit that they have failed comply with the mandatory requirements of the FTCA.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS the United States motion to dismiss the FTCA claims. Further, the Court declines to exercise jurisdiction over the remaining state law claims. Thus, the state law claims are dismissed without prejudice. Defendant Bristol West Casualty Insurance Company's motion for summary judgment is hereby denied as moot. Doc. 22. This case is dismissed in its entirety.

**IT IS SO ORDERED.**

| | |
|---|---|
| **September 21, 2022** | **/s/ John R. Adams** |
| **Date** | **John R. Adams** |
| | **U.S. District Judge** |